# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Kevin John Grell,

        Plaintiff,

v.

Barack Obama, Jacob Lew,
Bart Brellenthin, Timothy Sloan,
and James Mackey,

        Defendants.

Civ. No. 15-mc-51 (JRT/BRT)

**REPORT AND RECOMMENDATION**

BECKY R. THORSON, United States Magistrate Judge.

Last February, the federal government petitioned to enforce an Internal Revenue Service ("IRS") summons against Kevin Grell, which had been issued as part of an ongoing investigation into Grell's federal income tax liability for 2011 and 2012. *See United States v. Grell*, No. 15-mc-00008, Doc. No. 1 (D. Minn.). In two voluminous and nonsensical documents filed in opposition to the government's petition in that case, Grell argued that, as a "Pre-1933 Private American Citizen" and "Private Business Trust," he was exempt from the jurisdiction and tax laws of the United States, which had been replaced by "a *de facto* military government exercising extra-constitutional . . . jurisdiction" when "President Franklin 'Augusts Caesar' Roosevelt" overthrew the civilian government as part of a "diabolical Jesuit Conspiracy" spearheaded by the "Roman papacy," "the Society of Jesus," and the "Knights of Columbus." *See id.* at Doc. No. 6, Resp't's Non-Statutory Plea in Abatement in Exclusive Equity 1–2; Doc. No. 6,

Attach. 1, Decl. of Status of Kevin John Grell 1–2, 6–10; Doc. No. 7, Resp't's Amicus Curiae Aff. 2–3. Grell also requested a "private, *ex parte*, evidentiary hearing in chambers" to review his "special and private, proprietary trust documents." *Id.* at Doc. No. 7, at 2. This Court denied Grell's request for an *ex parte* hearing, rejected his arguments as the kind of legally baseless tax-protestor rhetoric that courts have routinely deemed frivolous, and recommended that the government's petition to enforce the IRS summons be granted. *Id.* at Doc. No. 20, R. & R. 5–7. That recommendation is pending before the District Court.

In the meantime, Grell has filed the present civil action against President Barack Obama, Treasury Secretary Jacob Lew, IRS officer Bart Brellenthin, and two others, which currently consists of a "Petition for Declaratory Relief, Enforcement of Trusts, Protection and Full Accounting, Injunction" and a motion to seal that petition. (*See* Doc. Nos. 1–2.) Although the specific relief that Grell is seeking in his petition is difficult to discern, it appears that he is requesting a declaration that he is exempt from paying federal income taxes because he is "a non-statutory, non-commercial, non-surety, non-quasi-trustee, *de jure*, Pre-1933 Private American National Citizen of the United States" who exists outside the jurisdiction of the federal government, which has been "sitting in temporary emergency war powers since March 9, 1933." (*See* Doc. No. 2, Pet. 2, Attach. 1 at 1, and Attach. 2 at 1, 8–10.) In a declaration identical to the one that he filed in the earlier case dealing with his refusal to comply with the IRS's administrative summons, Grell again asserts that President Roosevelt staged a "socialist-communist" military coup in 1933 with the backing of a "diabolical Jesuit Conspiracy" featuring the Roman papacy,

the Society of Jesus, and the Knights of Columbus. (Pet., Attach. 2 at 1–2.) Further, because Grell ostensibly resides outside "the military jurisdiction of the 'United States'" and has unilaterally revoked his "public" U.S. citizenship through a "Rescission of Signatures of Suretyship," he claims that he "has no 'income,' and therefore . . . is a Non-Taxpayer." (*Id.* at 6–9.) Or, as he puts it elsewhere, he is "not a state-created, federally-owned, statutory Public 'United States citizen' . . . of the sovereign, *de facto* Military Government of the United States for income/excise/privilege tax purposes." (*Id.* at 10.)

For the reasons detailed below, this Court concludes that it lacks subject-matter jurisdiction over Grell's claims for declaratory or injunctive relief, and it therefore recommends that his petition be summarily dismissed and that his motion to seal be denied as moot.

## DISCUSSION

As courts of limited jurisdiction, federal courts have an independent duty to ensure that they have subject-matter jurisdiction over every case that comes before them and to *sua sponte* dismiss any action over which jurisdiction is lacking. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 774 n.1 (8th Cir. 2014); Fed. R. Civ. P. 12(h)(3). For a federal district court to exercise jurisdiction over a given matter, the action before it must fall within both a statutory grant of jurisdiction and the confines of Article III of the Constitution. *See Finley v. United States*, 490 U.S. 545, 548 (1989) (explaining that "two things are necessary to create jurisdiction" — "[t]he Constitution must have given the court the capacity to take it, and an act of Congress must have supplied it") (emphasis omitted); *Kline v. Burke Constr.*

3

*Co.*, 260 U.S. 226, 234 (1922) ("The Constitution simply gives to the inferior courts the capacity to take jurisdiction in the enumerated cases, but it requires an act of Congress to confer it."). Given its limited nature, "it is presumed that a cause lies outside [federal] jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Grell attempts to discharge his burden by invoking Article III, Section 2, Clause 1 of the Constitution, which provides that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." (*See* Pet., Attach. 1 at 1–2.) Article III, however, merely limits those cases over which Congress may statutorily confer jurisdiction on federal district courts, and Grell has not identified any existing congressional grant of jurisdiction over the subject matter of his petition. *See Kline*, 260 U.S. at 233–34 ("The effect of [Article III, Section 2] is not to vest jurisdiction in the inferior courts over the designated cases and controversies but to delimit those in respect of which Congress may confer jurisdiction upon such courts as it creates . . . . [Congress] may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution."). Although Grell appeals to general principles of equity, he fails to ground his claims for equitable relief in a specific statutory grant of jurisdiction. *See United States v. Rx Depot, Inc.*, 438 F.3d 1052, 1054 (10th Cir. 2006) (explaining that the inherent equitable powers of federal courts are available when "Congress invokes the equity jurisdiction of courts in a statute"); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005) ("Equity . . . provides

4

the basis for relief . . . in appropriate causes within the court's jurisdiction."); *see also Kokkonen*, 511 U.S. at 377 ("Federal courts . . . possess only that power authorized by Constitution *and* statute.") (emphasis added).

Grell has also not presented a substantial federal question under 28 U.S.C. § 1331, which congruent with Article III vests federal district courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal-question jurisdiction exists only when a substantial federal question is presented on the face of a well-pleaded complaint. *See, e.g.*, *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Franchise Tax Br. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983); *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). For jurisdictional purposes, a federal claim is insubstantial if it is "absolutely devoid of merit," "obviously frivolous," "essentially fictitious," or clearly foreclosed by prior Supreme Court precedent. *Hagans*, 415 U.S. at 536–37; *see also Steel Co. v. Citizens of a Better Env't*, 523 U.S. 83, 89 (1998) (explaining that dismissal for lack of subject-matter jurisdiction is appropriate when the federal claim being presented is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy") (quotation omitted). Generally speaking, a claim is frivolous "where it lacks an arguable basis either in law or in fact" because it is "based on an indisputably meritless legal theory" or grounded in "clearly baseless" factual allegations, which include those that are "fanciful," "fantastic," or simply "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989); *see also Steel Co.*, 523 U.S. at 89 ("[T]he

absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction . . . .").

Assuming that Grell's petition presents a claim arising under the Constitution, laws, or treaties of the United States, that claim is wholly meritless, obviously frivolous, and patently insubstantial. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."); *Neitzke*, 490 U.S. at 327 n.6 ("A patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction . . . ."); *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1291–92 (11th Cir. 2004) ("The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction—the implicated federal issue must be *substantial*."). As this Court indicated during the prior proceedings concerning Grell's refusal to comply with the IRS summons, his contention that he is not subject to federal taxation in particular, or federal jurisdiction in general, is based on a wholly meritless legal theory, one that courts have consistently rejected as frivolous. *See, e.g.*, *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting as "clearly meritless" an argument by tax protestors that "they are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation"); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting as "patently frivolous" an argument that "individuals ('free

born, white, preamble, sovereign, natural, individual common law de jure citizens of a state, etc.') are not 'persons' subject to taxation under the Internal Revenue Code"); *United States v. Wankel*, 803 F. Supp. 2d 1334, 1337 (D.N.M. 2011) ("Respondent's . . . arguments challenging the validity of the Internal Revenue Code or its applicability to Respondent are precisely the kind of incoherent, 'tax-protestor' arguments that are routinely rejected as frivolous.").

In addition to lacking even an arguable basis in law, Grell's claims are also predicated on clearly baseless factual allegations, which fantastically assert that President Roosevelt surreptitiously staged a communist military coup in 1933 as part of a diabolical Jesuit conspiracy, one that has apparently escaped widespread notice and correction for the last eight decades. These are precisely the type of factual allegations that have been deemed patently insubstantial and essentially fictitious. *See Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 667 (D.C. Cir. 2013) (explaining that "patently insubstantial" and "essentially fictitious claims" include "bizarre conspiracy theories" and "fantastic government manipulations") (quotation omitted). Because Grell has not presented a substantial or colorable federal claim, this Court lacks federal-question jurisdiction to entertain his petition.

Finally, even if Grell's claims were sufficient to invoke § 1331 or some other unidentified source of federal jurisdiction, this Court still lacks the power to award the only discernible relief that he seeks — a declaration that he is not subject to federal taxation and an injunction barring the federal government from pursuing such taxes. The Declaratory Judgment Act expressly prohibits federal courts from issuing declaratory

judgments "with respect to Federal taxes," 28 U.S.C. § 2201, and the Anti-Injunction Act generally bars courts from entertaining any action brought "for the purpose of restraining the assessment or collection of any tax," 26 U.S.C. § 7421. Taken together, these statutes deprive this Court of subject-matter jurisdiction to consider Grell's claims for declaratory or injunctive relief regarding his obligation (or alleged lack thereof) to pay federal income taxes. *See Roberts v. United States*, 3 F. App'x 570 (8th Cir. 2001) (holding that a mandamus petition seeking declaratory and injunctive relief against the IRS was properly dismissed for lack of subject-matter jurisdiction); *Warren v. United States*, 874 F.2d 280, 282 (5th Cir. 1989) ("These two provisions prohibit federal courts from entertaining proceedings for declaratory relief in case involving federal taxes.").

In sum, because Grell has not presented a substantial federal claim sufficient to invoke federal-question jurisdiction under § 1331 or identified any other statute that might confer such jurisdiction, and because his claims for declaratory or injunctive relief are otherwise barred by the Declaratory Judgment Act and the Anti-Injunction Act, this Court concludes that jurisdiction is lacking over his petition. This Court therefore recommends that the petition be dismissed *sua sponte* for lack of subject-matter jurisdiction, and that Grell's motion to seal that petition be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Petition for Declaratory Relief, Enforcement of Trusts, Protection and Full Accounting, [and] Injunction (Doc. No. 2) be **DIMISSED** for lack of subject-matter jurisdiction; and

2. Plaintiff's Motion to Seal (Doc. No. 1) be **DENIED AS MOOT.**

Date: August 13, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b), a party may file and serve specific written objections to this Report and Recommendation by **August 27, 2015**. A party may respond to those objections within **fourteen days** after service thereof. All objections and responses must comply with the word or line limits set forth in LR 72.2(c). This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.