# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN GRELL, | Misc. No. 15-51 (JRT/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| BARACK OBAMA, JACOB LEW, BART BRELLENTHIN, TIMOTHY SLOAN, and JAMES MACKEY, | |
| Defendants. | |

Kevin Grell, c/o Limitless Love Life and Illumination, 2515 White Bear Avenue, Suite A8-262, Maplewood, MN 55109, *pro se*.

The Internal Revenue Service ("IRS") petitioned Plaintiff Kevin Grell ("Grell") in February 2015 as part of an ongoing IRS investigation into his federal income tax liability. *See United States v. Grell*, No. 15-8, 2015 WL 5853097, at *1 (D. Minn. Oct. 7, 2015). In response, Grell filed the present civil action against President Barack Obama, Treasury Secretary Jacob Lew, IRS officer Bart Brellenthin, James Mackey of the Federal Home Loan Mortgage Corporation, and Timothy Sloan of Wells Fargo Bank, apparently requesting declaratory relief and asserting that he is exempt from paying taxes. (*See* Pet. for Declaratory Relief, Enforcement of Trusts, Protection and Full Accounting, Inj. ("Pet."), June 26, 2015, Docket No. 2.) Grell also filed a motion to seal his petition. (Mot. to Seal, June 26, 2015, Docket No. 1.). After reviewing Grell's motions and arguments, the Magistrate Judge issued a Report and Recommendation

("R&R") recommending that the Court dismiss Grell's claims for declaratory or injunctive relief for lack of subject-matter jurisdiction.  (Report & Recommendation ("R&R") at 8-9, Aug. 13, 2015, Docket No. 4.)  The R&R recommended that the Court dismiss the motion to seal as moot.  (*Id.*)  The R&R noted that federal-question jurisdiction exists only when a substantial federal question is presented and concluded that Grell's federal claim is insubstantial because it is "absolutely devoid of merit," "obviously frivolous," or "essentially fictitious."  (R&R at 5 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Steel Co. v. Citizens of a Better Env't*, 523 U.S. 83, 89 (1998)).)

On August 31, 2015, Grell filed a document entitled "Wayside Bill of Exceptions" which the Court will construe as objections to the R&R.  (Wayside Bill of Exceptions ("Objs."), Aug. 31, 2015, Docket No. 5); *see also Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984) (noting that *pro se* pleadings should be liberally construed and are held to a less stringent standard).  On the same day, Grell also filed a "Demand and Order for Equitable Estoppel" against Mackey (Demand & Order for Equitable Estoppel ("Demand 1"), Aug. 31, 2015, Docket No. 6), and against Sloan, (Demand & Order for Equitable Estoppel ("Demand 2"), Aug. 31, 2015, Docket No. 7).  Because Grell primarily repeats the same arguments already found without merit by the Magistrate Judge, the Court will overrule Grell's objections and adopt the R&R.

**DISCUSSION**

I. **STANDARD OF REVIEW**

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See, e.g.*, *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

II. **GRELL'S OBJECTIONS**

While it is unclear exactly what Grell objects to, it appears that he is accusing the Magistrate Judge of holding an Article I proceeding, which is "under a martial due process by the provisional 'emergency' war powers government now running in it's [sic]

82nd year." (Objs. at 2.)  Grell objects to being referred to as "Kevin Grell," apparently preferring to be referred to as "Complainant." (*Id.* at 3.)  Grell further objects to the Magistrate Judge's reference to his prior case involving the IRS and the reference to Defendant Barack Obama as President Barack Obama; Grell also makes other similarly frivolous objections. (*See id.* at 2-4.)

The subject-matter jurisdiction of Article III courts is limited. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). Federal courts "possess only that power authorized by Constitution and statute." *Id.* The Magistrate Judge's R&R correctly refutes Grell's argument that Article III, Section 2, Clause 1 of the Constitution provides jurisdiction. (R&R at 4.) As the R&R notes, Article III does not "vest jurisdiction in the inferior courts over the designated cases and controversies but [delimits] those in respect of which Congress may confer jurisdiction upon such courts as it creates." (R&R at 4 (quoting *Kline v. Burke Const. Co.*, 260 U.S. 226, 233-34 (1922)).) Without diversity of citizenship, the plaintiff must present "a substantial federal question" in order to invoke subject-matter jurisdiction. *Hagans*, 415 U.S. at 537. Claims that are "essentially fictitious," "wholly insubstantial," or "obviously frivolous" cannot provide subject-matter jurisdiction to federal courts. *Id.*

Grell's claim that he is exempt from paying federal income taxes is "obviously without merit" and thus it does not present a substantial federal question. *Id.*; *see also United States v. Gerads*, 999 F.2d 1255, 1256-57 (8th Cir. 1993) (rejecting similar tax-protestor arguments as "frivolous"). Since Grell has failed to present a substantial federal

question, this Court lacks subject-matter jurisdiction.  Grell has not presented any new arguments beyond those already rejected by the Magistrate Judge.  Accordingly, this Court will overrule Grell's objections and adopt the R&R.

Grell also filed two documents entitled "Demand and Order for Equitable Estoppel," requesting a "full accounting" from Mackey and Sloan.  (Demand 1 at 5 (emphasis omitted); Demand 2 at 5 (emphasis omitted).)  It appears that these defendants and these claims were already included in Grell's initial petition, and Grell provides no specific objections to their dismissal.  (*See* Pet. at 1 ("Petition for Declaratory Relief, Enforcement of Trusts, Protection and **Full Accounting**" (emphasis added)).)  Even if these claims were not presented to the Magistrate Judge, Grell's filings are without merit; liberally construing the submissions, the Court still cannot discern any basis for Grell's claims.  (*See, e.g.*, Demand 1 at 1 (stating that the filing was intended to "stop . . . James Mackey . . . from unconscionably taking advantage of a wrong while asserting a strict legal right that will be invoked where 'justice, honesty, and fair dealing' are promoted in a court of exclusive Equity").)  As discussed above, the Court lacks subject matter jurisdiction over "essentially fictitious" or "wholly insubstantial" claims, and therefore, the Court will dismiss these motions as well.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Grell's objections [Docket No. 5] and **ADOPTS** the Report and

Recommendation of the Magistrate Judge dated August 13, 2015 [Docket No. 4].  **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Petition for Declaratory Relief, Enforcement of Trusts, Protection and Full Accounting, Injunction [Docket No. 2]is **DISMISSED** for lack of subject-matter jurisdiction.

2.    Plaintiff's Motion to Seal [Docket No. 1] is **DENIED as moot**.

**IT IS FURTHER HEREBY ORDERED** that:

3.    Plaintiff's Demand and Order for Equitable Estoppel relating to James Mackey [Docket No. 6] is **DENIED**.

4.    Plaintiff's Demand and Order for Equitable Estoppel relating to Timothy Sloan [Docket No. 7] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 21, 2015  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court